UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS, | No. C 05-2623 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SAN MATEO COUNTY LAW LIBRARY; et al., | |
| Defendants. | |

## INTRODUCTION

Homer E. Hawkins, currently an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Hawkins filed a complaint in which he alleged that he was granted pro per status on April 22, 2005 in a state criminal case pending against him in San Mateo County. He alleged in his complaint that the law library provided for jailed inmates was inadequate for him as a pro per criminal defendant and that he was unable to send out some pieces of legal mail that may have related to the pending criminal case. He also alleges that he was subject to an illegal arrest and a Miranda violation in the criminal case pending against him. The relief requested included a transfer of Hawkins' criminal case to San Francisco County, a stay of the proceedings, a writ of prohibition and damages.

Before the court reviewed the original complaint, Hawkins filed a second complaint, using the same case number as the original complaint. In the second complaint, his focus was an impounded car. Apparently, Hawkins' car was impounded when he was arrested. Attachments to the second complaint indicate that the car was sold about 60 days after it was impounded. Hawkins contends that there was a due process violation in connection with the impounding and/or sale of the vehicle, see Complaint, p. 2, but does not explain how either event violated his right to due process.

On the same day he filed his second complaint, Hawkins also filed a petition for writ of habeas corpus, again using the same case number as the original complaint. In his habeas petition, he claimed that (a) his impounded vehicle was improperly sold, (b) there was an improper search of his vehicle incident to his arrest, (c) the private defender's office refused to provide services that a judge granted or denied, (d) he was not allowed a pretrial hearing in the criminal case, and (e) state court judges did not care that Hawkins' Fourth Amendment rights and Miranda rights were violated.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

The pleadings have several defects that require the dismissal of most of the claims.

First, most of Hawkins' claims relate to the state court criminal case pending against him that this court will not stop. For example, he allegedly is not being allowed adequate access to the law library and supplies to represent himself in the criminal case, the arrest allegedly was unlawful, and he was not advised of his <u>Miranda</u> rights. His requested relief makes it quite clear that he wants this court to interfere with the ongoing criminal case against him, as he asks for a transfer of the case to another county, a stay of proceedings, and a writ of prohibition. This court will not interfere with a state criminal case pending against Hawkins. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971); <u>Samuels v. Mackell</u>, 401 U.S. 66, 68-74 (1971). There are no extraordinary circumstances alleged here.

Second, to the extent Hawkins seeks damages for claims relating to the state court criminal case pending against him, the claims for damages likely have not accrued under the <u>Heck</u> rule. The case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. <u>See</u> <u>id.</u> at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. <u>See id.</u> The <u>Heck</u> rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that plaintiffs cannot attack their convictions <u>in</u> a civil rights action for damages; the conviction must have been successfully attacked <u>before</u> the civil rights action for damages is filed. <u>Heck</u> also applies to pretrial detainees, and bars claims which necessarily implicate the validity of pending criminal charges. <u>See</u> <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1014 (9th Cir. 2000). For Hawkins, the <u>Heck</u> rule means that if he is still a pretrial detainee, or has been convicted of the crimes with which he was charged, no claim that necessarily implicates the validity of the criminal charges has accrued. For example, a claim that he was unable to meaningfully exercise his right to represent himself

3

because the law library was not well-stocked would call into question the validity of the criminal conviction or pending charges and therefore would not accrue until he is acquitted or has the conviction set aside.

Third, it appears that Hawkins may be attempting to claim a violation of his constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To establish a claim for any violation of the right of access to the courts, the inmate must show that there was an inadequacy in the jail's legal access program that caused him an actual injury. See id. at 351. To prove an actual injury, the inmate must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: an inmate whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the jail's legal assistance facilities, he could not have known; and an inmate who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982). Hawkins has not identified any actual injury as he must to state a claim for a violation of his constitutional right of access to the court. Furthermore, for the reasons stated in the last two paragraphs above, the actual injury for his access to the courts claim cannot be a conviction of the criminal charges against him.

Fourth, the complaint does not state a cognizable due process claim concerning Hawkins' vehicle. Hawkins alleges that his right to due process was violated when his vehicle was impounded upon his arrest and/or when the impounded vehicle later was sold, but the due process violation is not evident in the facts alleged. Hawkins must file an amended complaint in which he explains the basis for his due process claim. He should identify the procedural protection(s) to which he was entitled, identify the person(s) who deprived him of each such protection, and state when the deprivation(s) occurred.

1    Hawkins already has filed three pleadings: an original complaint, a second complaint, and
2 a habeas petition. He did not indicate that either of the latter two documents was intended to
3 supersede the original complaint. The court is concerned about the uncertainty as to which of
4 the multiple pleadings is intended as the operative one and also is concerned that the scope of
5 this action should not continue to shift. Therefore, the court grants leave to amend so that
6 Hawkins may file one <u>amended complaint</u> that addresses the deficiencies identified in this order
7 regarding the denial of access to the courts claim and the due process claim regarding the
8 vehicle. Hawkins may not include any other claims in his amended complaint.

## CONCLUSION

11    For the foregoing reasons, the complaint is dismissed because it fails to state a claim upon
12 which relief may be granted. Hawkins will be given leave to amend, provided that he files his
13 amended complaint no later than **March 31, 2006**. The amended complaint must include the
14 caption and civil case number used in this order and the words AMENDED COMPLAINT on
15 the first page. Plaintiff is cautioned that his amended complaint must be a complete statement
16 of his claims and will supersede existing pleadings. See <u>London v. Coopers & Lybrand</u>, 644
17 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original
18 complaint which are not alleged in the amended complaint.") Failure to file the amended
19 complaint by the deadline will result in the dismissal of the action.

20    IT IS SO ORDERED.
21 Dated: March 1, 2006_____          _____
                                                SUSAN ILLSTON
                                                United States District Judge