UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN MATEO COUNTY LAW LIBRARY; et al.,<br><br>    Defendants.<br>                                                          / | No. C 05-2623 SI (pr)<br><br>**ORDER OF SERVICE** |

### INTRODUCTION

Homer E. Hawkins, currently in custody at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning several different events. The court dismissed the complaint and provided specific instructions about deficiencies Hawkins needed to cure in an amended complaint. Because Hawkins had already filed three pleadings, there was confusion about which one was intended as the operative one and the scope of the action seemed to be shifting. The court specifically ordered Hawkins to file a single amended complaint. Hawkins thereafter filed two documents -- one on March 15, 2006 and one on March 17, 2006 -- both of which appear to be intended as amended complaints. The court will treat the first one (i.e., docket # 7) as the amended complaint to be reviewed under 28 U.S.C. § 1915A and will disregard the second one.[1]

---

[1] The second document, filed as docket # 8 on March 17, 2006, was three pages long and consisted mostly of abstract statements of law. The limited part of the document that appeared to actually concern Hawkins in particular was rather garbled. He alleged that, after his criminal trial, he requested his personal property and money, and 'the court held that while it could be that the money was stolen or embezzled, such a facts had to be determined by due process of law.' The court could [n]ot find the determination and made judgment for the District Attorney Office to hold on to the money and property. Depriving plaintiff to be 'Titlement to Property.'" Docket # 8, p. 1 (errors in source). Docket

**BACKGROUND**

Hawkins' amended complaint is hardly a model of clarity but appears to allege the following: When Hawkins was arrested for burglary, his car was impounded and some personal property was confiscated. The car was sold in a lien sale. Hawkins alleges that he did not receive adequate notice that his car would be sold. He alleges: "the [lien sale] provisions are unconstitutional as in violation of the procedural due process provisions . . . since the 'Redwood City Sheriff & El Dorado Tow' Company, plus 'detectives' fail to provide adequate and meaningful (notice) of the opportunity of owner hearing. There was [n]o hearing prior to the sale." Docket # 7, pp. 3-4.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution requires certain procedural protections before the state may take an individual's property. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality

---

# 8 will be disregarded because it (a) violated the court's order to file only one amended complaint and (b) is not a supplemental pleading in that it does not concern matters that "happened after the date of the pleading sought to be supplemented." See Fed. R. Civ. P. 15(d).

is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Robinson v. Hanrahan</u>, 409 U.S. 38, 39-40 (1972), quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950); <u>see also</u> <u>Jones v. Flowers</u>, 126 S. Ct. 1708 (2006) (state required to take additional reasonable steps to attempt to provide notice to property owner before selling property when mailed notice of tax sale is returned undelivered and unclaimed).

Liberally construed, Hawkins' allegation that his car was sold without notice having been provided to him or an opportunity to be heard states a cognizable claim for a due process violation. His allegation that the Redwood City Sheriff, El Dorado Towing Company, and the detectives failed to provide notice of the sale is sufficient to link these defendants to his claim.

Although the El Dorado Towing Company is a private entity, it may have liability under § 1983 for its role in the disposition of a car seized by the Sheriff's Department. <u>See generally</u> <u>Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295-96 (2001) (action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.") As the allegation of an alleged wrongful act is by the towing company rather than by its employee Gibert Madrono, only the former will be served with process.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's complaint states a claim for relief under 42 U.S.C. § 1983 against defendants San Mateo County Sheriff Don Horsley, San Mateo County Sheriff's detectives Robert Rangel and Ben Hand, and El Dorado Tow Company for a due process violation. All other claims and all other parties are dismissed.

2. The clerk shall issue summonses and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of this order, and a copy of all the other documents in the case file upon the following defendants:

3

- San Mateo County Sheriff Don Horsley
- San Mateo County Sheriff's Department detective Robert Rangel
- San Mateo County Sheriff's Department detective Ben Hand
- El Dorado Towing Co., 2575 Middlefield, Redwood City, CA  94603

3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.  No later than **October 20, 2006**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 24, 2006**.  Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

c.  If defendants wish to file a reply brief, they must file and serve the reply brief no later than **December 15, 2006**.

4.  All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to

4

defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: August 2, 2006

_____
SUSAN ILLSTON
United States District Judge

5