UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN MATEO COUNTY LAW<br>LIBRARY; et al.,<br><br>    Defendants.<br>_____ / | No. C 05-2623 SI (pr)<br><br>**ORDER** |

## INTRODUCTION

Homer E. Hawkins, currently in custody at Ironwood State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 against a towing service and several county defendants for a due process violation based on the alleged failure to provide adequate notice and a hearing before selling Hawkins' car. This action is before the court for consideration of the motions of the county defendants and the towing service to revoke Hawkins' pauper status, the Rule 12(b)(6) motions of the county defendants and the towing service, and Hawkins' motion for default. For the reasons discussed below, the court declines to revoke Hawkins' pauper status, grants the county defendants' motion to dismiss, denies the towing service's motion to dismiss, and denies Hawkins' motion for default.

**BACKGROUND**

A.   The Scope of The Action

The operative pleading is Hawkins' amended complaint (docket # 7). It is hardly a model of clarity but appears to allege the following: When Hawkins was arrested for burglary, his car was impounded and some personal property was confiscated. The car was sold later in a lien sale. Hawkins alleges that he did not receive adequate notice that his car would be sold. He alleges: "the [lien sale] provisions are unconstitutional as in violation of the procedural due process provisions . . . since the 'Redwood City Sheriff & El Dorado Tow' Company, plus 'detectives' fail to provide adequate and meaningful (notice) of the opportunity of owner hearing. There was [n]o hearing prior to the sale." Amended Complaint, pp. 3-4.

A law enforcement report states that, on April 20, 2005, the car was towed and stored by El Dorado Towing in connection with Hawkins' arrest. Amended Complaint, Exh. A. The report states that deputies were dispatched to an address of a reported "in-progress residential burglary. The victim identified the above listed vehicle as being the suspect vehicle and vehicle pursuit was initiated by Deputy Lawrence. The pursuit was terminated to the rear of 1965 Manhattan Ave, # 6. Hawkins was arrested on 2800.2 CVC, 460(a) PC, [illegible] PC and 3056 PC." Amend. Complaint, Exh. A. The address listed as the termination of the pursuit was Hawkins' residence. The statutory references were to California Vehicle Code § 2800.2 (entitled, "Driving in willful or wanton disregard for safety of persons or property while fleeing from pursuing police officer"), California Penal Code § 460(a) (describing degrees of burglary), and California Penal Code § 3056 (providing for the arrest and reimprisonment of parolees). The form provided the name, address and telephone number for El Dorado Towing as the place where the vehicle was stored. The form also stated the vehicle was stored pursuant to California Vehicle Code § 22651(h)(1).[1]

---

[1] A peace officer "may remove a vehicle located within the territorial limits in which the officer or employee may act, under any of the following circumstances: . . . When an officer arrests any person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody." Cal. Veh. Code § 22651(h)(1).

2

1    Hawkins' car was sold by El Dorado Towing as the lienholder in a lien sale pursuant to
2    California Civil Code § 3072. <u>See</u> Opposition Brief, Exh. C.

3    The court determined that, liberally construed, Hawkins' allegation that his car was sold
4    without notice having been provided to him or an opportunity to be heard stated a cognizable
5    claim for a due process violation. The court cited to <u>Robinson v. Hanrahan</u>, 409 U.S. 38, 39-40
6    (1972), <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)), and <u>Jones</u>
7    <u>v. Flowers</u>, 126 S. Ct. 1708 (2006), as authority for the determination that a due process claim
8    had been stated. Order of Service, p. 3. The court wrote that Hawkins' allegation that the
9    Redwood City Sheriff, El Dorado Towing Company, and the detectives failed to provide notice
10   of the sale was sufficient to link these defendants to his claim. The court further wrote that,
11   "[a]lthough the El Dorado Towing Company is a private entity, it may have liability under §
12   1983 for its role in the disposition of a car seized by the Sheriff's Department." Order Of
13   Service, p. 3.

15   B.    <u>Pending Motions</u>
16   Both the county defendants and defendant Gilberto Medrano dba El Dorado Towing ("El
17   Dorado Towing") move the court to vacate its order permitting Hawkins to proceed as a pauper.
18   They argue that he has suffered three qualifying dismissals and therefore 28 U.S.C. § 1915(g)
19   requires him to pay the full filing fee at the outset of any action he files.

20   The county defendants (i.e., San Mateo County Sheriff Don Horsley and San Mateo
21   County Sheriff's detectives Ben Hand and Robert Rangel) move to dismiss the amended
22   complaint for failure to state a claim upon which relief may be granted.

23   El Dorado Towing also moves to dismiss the amended complaint for failure to state a
24   claim upon which relief may be granted.

25   Hawkins moves for default.

**DISCUSSION**

A.  Defendants' Motions To Revoke Pauper Status

A prisoner may not bring a civil action <u>in forma pauperis</u> under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strike dismissals for § 1915(g) purposes, so the mere fact that Hawkins has filed many unsuccessful cases does not alone warrant dismissal under § 1915(g).  <u>See id.</u> Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Id.</u>  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper, although he still may pursue his claims by paying the full filing fee at the outset.

Defendants request that the court revoke its March 2, 2006 order permitting plaintiff to proceed as a pauper in this action.  Defendants have identified five actions that may qualify as strikes under § 1915(g): (1) <u>Hawkins v. Marin County Jail Commissioner</u>, No. C 01-3228 SI, (2) <u>Hawkins v. Oakland County Officers</u>, No. C 02-4608 SI, (3) <u>Hawkins v. Gomez</u>, No. C 97-1554 SI, (4) <u>Hawkins v. Board of Supervisors</u>, No. C 04-308 SI, and (5) <u>Hawkins v. Marin Sheriff</u>, No. C 03-2360 SI.

The court has considered the materials in the record and concludes that plaintiff had only two of the three strikes necessary for a § 1915(g) dismissal.  The first two actions identified by

4

1 defendants (i.e., Case No. C 01-3228 SI and Case No. C 02-4608 SI) were civil rights actions
2 dismissed for failure to state a claim and therefore count as strikes under § 1915(g). However,
3 the other actions do not count.

4 Case No. C 97-1554 SI was a habeas case and therefore its dismissal does not count as
5 a strike under § 1915(g). See Andrews, 398 F.3d at 1122.

6 Case No. C 04-308 SI does not count as a strike because it was itself dismissed under §
7 1915(g). That is, the court did not dismiss Case No. C 04-308 SI on the grounds that it was
8 frivolous, malicious, or failed to state a claim upon which relief may be granted. Instead, the
9 court dismissed Case No. C 04-308 SI after determining that Hawkins had three earlier cases that
10 counted as strikes.

11 Case No. C 03-2360 SI does not count as a strike here because the dismissal in it came
12 too late: Case No. C 03-2360 SI was dismissed for failure to state a claim on August 3, 2006 –
13 months after the present action was filed in June 2005 and pauper status was granted in March
14 2006. Section 1915(g)'s text contemplates that the qualifying dismissal must occur before the
15 filing of the action in which pauper status will be denied: a prisoner may not proceed as a
16 pauper "if the prisoner has, on 3 or more prior occasions, . . . brought an action . . . that was
17 dismissed." 28 U.S.C. § 1915(g) (emphasis added). Although the dismissal of Case No. C 03-
18 2360 SI may preclude pauper status for Hawkins for actions filed after August 3, 2006, it cannot
19 count as a strike here because Hawkins filed this action before he suffered the dismissal in Case
20 No. C 03-2360 SI.[2]

21 The county defendants' motion to vacate the order permitting plaintiff to proceed in
22 forma pauperis is DENIED (Docket # 19.) El Dorado Towing's motion to dismiss under 28
23 U.S.C. § 1915(g) is DENIED. (Docket # 21.)

---

27 [2]Although this court at one point dismissed Case No. C 03-2360 SI as barred by §
28 1915(g), that dismissal was overturned by the Ninth Circuit because one of the dismissals relied upon was in a non-qualifying habeas action. That 3-strikes order, having been overturned on appeal, has no preclusive or precedential effect.

B.     Defendants' Motions To Dismiss

The complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). In examining the sufficiency of the pleading, the court must liberally construe a pro se complaint. See id.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," Erickson, 127 S. Ct. at 2200, but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983 for a procedural due process violation, the plaintiff must allege: (1) a liberty or property interest protected by the U.S. Constitution, (2) a deprivation of that interested by the government, and (3) the lack of process. See Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir, 1993). The first element is present because the loss of use and enjoyment of a car deprives the owner of a property interest protected by the Due Process Clause. See Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1342 (9th Cir. 1977). The second element apparently would exist because the municipal employees are state actors for § 1983 purposes, as is the towing company under the circumstances. "[A] private towing company acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws, acts under

6

color of state law for purposes of section 1983." Goichman v. Rheuban Motors, 682 F.2d 1320, 1322 (9th Cir. 1982) (citing Stypmann, 557 F.2d at 1341-42). The debate here involves the third element, i.e., whether there was a lack of process before Hawkins' car was sold. The county defendants argue that they had no duty to provide any process for a lien sale in which they were not involved while El Dorado Towing argues that the process provided was sufficient.

### 1. County Defendants

The county defendants assert that Hawkins failed to state a claim for relief against them because Hawkins' claim is one for a due process violation in connection with the lien sale and that they had nothing to do with the lien sale.

Hawkins responds with a garbled argument that cites several inapplicable Vehicle Code sections. He states that he "basically alleges that defendant's should have given plaintiff notice, and assign blame to County defendant's with the basis for their presumed duty to provide plaintiff with pre-sale notice. (Vehicle Code § 22853.) Plaintiff' FAC states why the county defendant's and the private Tow company "EACH" had an individual duty to provide plaintiff with advance notice of the lien sale." Opposition, pp. 4-5 (errors in source). He also cites to Vehicle Code sections 22655.5, 22851, and 22854.

None of the Vehicle Code sections Hawkins cites impose a duty on the county or its employees to give notice of a lien sale by a third party. Vehicle Code § 22655.5 does not provide a basis for the claimed duty because (1) it pertains to impoundment of a vehicle, rather than the sale or notice of sale of that vehicle and (2) § 22655.5(c) (cited specifically by Hawkins) deals with liens where the alleged perpetrator of the crime is not the owner of the vehicle impounded. Hawkins' amended complaint and exhibits show that his car was impounded after he used it in a burglary and to attempt to flee from police. Vehicle Code § 22853 does not apply because (1) it concerns the procedures to contest towing and storage charges and not the pre-sale notice about which Hawkins complains here and (2) it pertains to situations where the person giving notice does not know and is unable to ascertain the true name of the owner – which Hawkins does not contend was the situation here. The citation to Vehicle Code § 22854 doesn't

7

aid Hawkins because (1) it pertains to a notice of a tax sale, which does not apply because Hawkins' vehicle wasn't disposed of in a tax sale, and (2) the duty is imposed on the Department of Justice rather than a county sheriff. The citation to Vehicle Code § 22851 does not help his cause against the county defendants because it does not impose any obligation on them. In sum, none of the Vehicle Code sections cited by Hawkins provides a basis on which to hold any of the county defendants liable.

Hawkins' car was sold by El Dorado Towing in a lien sale pursuant to California Civil Code § 3072. See Opposition Brief, Exh. C. State law rather clearly places the duty to provide notice on the selling lienholder. California Vehicle Code § 22851(a)(1) provides that the "keeper of the garage . . . shall have a lien . . . for his or her compensation for towage and for caring for and keeping safe the vehicle," indicating the lien sale was a matter between the towing garage and the car owner without the involvement of the municipality or its employees. California Civil Code §3072 provides the procedures to be followed for a lien sale of a vehicle with a value determined to be $4000 or less. Section 3072 requires the lienholder (not the county or law enforcement agency directing that the car be towed) to send by certified mail "a completed Notice of Pending Lien Sale form, a blank Declaration of Opposition form, and a return envelope preaddressed to the department, to the registered owner and legal owner at their addresses of record with the department, and to any other person known to have an interest in the vehicle." Cal. Civ. Code § 3072(b). That section imposes no notice-giving duty on the county or the law enforcement entity. In sum, the law does not impose on the county defendants a duty to provide notice of a pending lien sale by a towing company.

Plaintiff contends in his opposition that "Notices of pending sale was probably mailed to the address, But the defendant's mail was returned undelivered and unclaimed because plaintiff was in Redwood City Jail on a criminal case and the defendant's knew this." Opposition, p. 8. Even if plaintiff could allege that the county defendants knew he was in jail and did not receive mail sent to him at his home, that would not change the fact that the county defendants had no legal duty to notify him of the pending lien sale.

The amended complaint fails to state a claim for relief against the county defendants

8

because they had no legal obligation to notify Hawkins of the pending lien sale of his vehicle by the towing company. Liberal construction cannot save a legally meritless claim. Leave to amend will not be granted as it would be futile. The county defendants' motion to dismiss is granted. The county defendants will be dismissed from this action.

### 2. El Dorado Towing

El Dorado Towing's motion to dismiss fails to comply with the basics of a Rule 12(b)(6) motion as it goes far beyond the face of the amended complaint, relying on a declaration, hearsay statements and documentary evidence (other than that attached to the amended complaint). It may be that El Dorado Towing can prove everything it argues in its motion to dismiss, but a motion to dismiss is not the right place to make an evidentiary presentation. A Rule 12(b)(6) motion challenges the pleading, not the evidence.

The amended complaint is sufficient to state a claim against defendant El Dorado Towing. Although much of the amended complaint is garbled and unhelpful, the pleading does contain a due process claim: "Plaintiff say the [lien sale] provisions are unconstitutional as in violation of the procedural due process provisions . . . since the Redwood City Sheriff & El Dorado Tow Company, plus 'detective's,' fail to provide adequate and meaningful (notice) and the opportunity of owner hearing. There was [n]o hearing prior to the sale." Amended Complaint, pp1-2 (errors in source) The allegations fairly put El Dorado Towing Company on notice that plaintiff claims he was denied his due process rights to notice and an opportunity to be heard before his car was sold. See generally Soffer v. City of Costa Mesa, 607 F. Supp. 975, 978 (C.D. Cal. 1985). El Dorado Towing's motion to dismiss under Rule 12(b)(6) is denied.

El Dorado Towing's apparent frustration with the muddled nature of Hawkins' amended complaint is understandable. However, the court is required to liberally construe the pro se pleading. Doing so, the court concludes that, amid the debris of incomprehensible statements, peculiar punctuation and irrelevant legal citations, Hawkins has managed to eke out a cognizable due process claim. Additionally, there is no likelihood that further amendment will make Hawkins' allegations any easier to understand so sending him back to file a second amended

9

complaint to specifically allege each of the elements of a procedural due process claim would serve no practical purpose.

The court also notes that El Dorado Towing inexplicably fails to distinguish the recent U.S. Supreme Court case of Jones v. Flowers, 126 S. Ct. 1708, cited in the order of service. Jones concerns the adequacy of notice when the notice-giver learns that the notice has not reached the party sought to be notified – which appears pertinent to the claim Hawkins alleges in his amended complaint.

Lastly, some arguments in El Dorado Towing's motion fail to distinguish between notice of the location of the car and notice of the lien sale. For example, the fact that plaintiff's sister contacted El Dorado Towing to retrieve the car may mean that she (and perhaps plaintiff) knew where the car was, but does not necessarily mean that she (or plaintiff) knew it was going to be sold. The plaintiff (and/or his sister) could have learned the location of the car without knowing that El Dorado Towing intended to sell it. Plaintiff's claim is directed at the failure to provide notice of the intended sale of the car.

C.    Plaintiff's Motion For Default

Plaintiff's motion for default is DENIED. (Docket # 16.) Plaintiff fails to show that any defendant was in default at the time he made his request and, in any event, all defendants now have appeared in this action.

**CONCLUSION**

The county defendants' motion to vacate the order permitting plaintiff to proceed in forma pauperis is DENIED. (Docket # 19.) The county defendants' motion to dismiss is GRANTED. (Docket # 13.) The county defendants are dismissed from this action.

El Dorado Towing's motion to dismiss under 28 U.S.C. § 1915(g) and under Rule 12(b) is DENIED. (Docket # 21.)

Plaintiff's motion for default is DENIED. (Docket # 16.)

In order to move this case toward resolution, the court will require El Dorado Towing and Hawkins each to file and serve a case management statement no later than **July 20, 2007** in which he provides the following information: (1) a list of all discovery that has been done so far in this action, (2) a schedule of the discovery that remains to be done and a proposed cut-off date for that discovery, (3) whether any further dispositive motions will be filed, and (4) a proposed trial date. The case management statements need not be jointly filed.

IT IS SO ORDERED.

Dated: June 21, 2007

_____
SUSAN ILLSTON
United States District Judge