UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS, | No. C 05-2623 SI (pr) |
| Plaintiff, | **ORDER (1) REQUIRING ANSWER, (2) REFERRING CASE TO MEDIATION PROGRAM, AND (3) FOR SCHEDULING** |
| v. | |
| SAN MATEO COUNTY LAW LIBRARY; et al., | |
| Defendants. | |

Several months ago the court ordered the parties to file case management conference statements providing information about the discovery that had been done, the discovery remaining to be done, the anticipation of any further dispositive motions and a proposed trial date. The parties' statements indicate that there is not much discovery remaining to be done and no more dispositive motions are anticipated. The case appears to be almost ready for trial.

A.  <u>Defendant's Answer</u>

In his case management conference statement, defendant wrote that it "appears the Court has accepted Defendant Medrano's motion to dismiss as his denial of the allegations of Plaintiff's pleadings, and therefore Defendant Medrano does not expect to amend any pleadings." Def. Case Management Conference Statement, p. 2. This assumption was incorrect insofar as it meant that the court treated the motion to dismiss as an answer to the amended complaint.

Defendant's erroneous assumption may have stemmed from the court's denial of plaintiff's motion for default, as to which the court stated that plaintiff had failed to show that any defendant was in default. No defendant was in default was because of the unusual provisions in 42 U.S.C. § 1997e(g)(1). Section 1997e(g)(1) allows a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, provides that such a waiver is not an admission of the allegations in the complaint, and disallows relief for the plaintiff unless a reply has been filed. The "reply" referred to in § 1997e(g) appears to be the answer to the complaint. If a defendant may waive the right of reply, he would not be in default for not filing one.

Significantly, however, § 1997e(g)(2) allows the court to require a defendant to reply to a prisoner complaint if it finds the plaintiff has a reasonable opportunity to prevail on the merits. The court now chooses to require defendant to file an answer so that this case will be at issue and ready for trial, and so that plaintiff will have notice of defendant's affirmative defenses. Defendant Gilberto Medrano dba El Dorado Towing must file and serve an answer to the amended complaint (i.e., docket # 7), no later than **March 3, 2008**.

B. <u>Referral To Mediation Program</u>

This case has a limited scope and only two parties. The claim against the only remaining defendant is that defendant failed to provide adequate notice and an opportunity to be heard before selling plaintiff's car that was impounded following his arrest for burglary. An exhibit to plaintiff's amended complaint indicate that the car was 20 years old and was sold for $500. The same document indicates towing and storage costs of $2570 and a charge of $70 for selling the car. This case appears to be a good candidate for mediation.

The court has established a Pro Se Prisoner Mediation Program under which certain prisoner civil rights cases may be referred to a neutral magistrate judge for prisoner mediation proceedings. The proceedings will consist of one or more conferences as determined by the mediator. Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will take place within **sixty days** of the date this order is filed. Magistrate Judge Vadas will

coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within 5 days after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings.

The clerk will send to Magistrate Judge Vadas in Eureka, California, a copy of the amended complaint (docket # 7), all the orders, and the parties' case management conference statements (docket # 27, 30, 31) for this action.

C. Scheduling

Although the court has referred this case to the mediation program, it also now sets several scheduling deadlines so that the case will be ready for trial shortly after the mediation concludes if the mediation does not successfully resolve the case.

All discovery must be completed by **May 2, 2008**. Plaintiff is cautioned that he must do his own discovery – the court does not do it for him. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

A further telephonic case management conference will be held at **3:30 p.m. on Wednesday, May 14, 2008**. No later than **May 2, 2008**, each party must file and serve a written list of his intended witnesses for trial. For each witness on his witness list, the party shall state briefly the testimony expected from that witness. One of the reasons for the witness list is that advance planning is necessary if witnesses need to be subpoenaed or, in the case of prisoner-witnesses, brought by writ of habeas corpus. The court will not issue writs or have subpoenas served unless plaintiff submits a proposed witness list in which he explains where each witness is located and what each witness is expected to testify about so that the court can determine whether each proposed witness is necessary and what needs to be done to bring them to the trial. Plaintiff is reminded that, for each non-prisoner witness who is not willing to show up

3

voluntarily, plaintiff needs to subpoena the witness and must pay to that witness a witness fee of $40.00 and travel expenses. See 28 U.S.C. § 1821(b) & (c). These fees cannot be waived by the court. Therefore, plaintiff needs to be able to explain at the case management conference the arrangements he has made to pay the fees and expenses of his witnesses.

The parties must fully comply with the pretrial instructions sent with this order.

A pretrial conference will be held at **10:00 a.m. on Monday, July 7, 2008**.

The trial will commence at **8:30 a.m.** on **Tuesday, July 8, 2008**.

IT IS SO ORDERED.

Dated: February 4, 2008

_____
SUSAN ILLSTON
United States District Judge

4