1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    HOMER E. HAWKINS,                          No. C 05-2623 SI (pr)

9              Plaintiff,                        **ORDER AFTER CONFERENCE**

10         v.

11   SAN MATEO COUNTY LAW
     LIBRARY; et al.,
12
13             Defendants.
                                            /
14

15        This order confirms and amplifies on several scheduling matters discussed at the case

16   management conference held on May 14, 2008.

17        1.    A briefing schedule for defendant to file a motion for summary judgment was set.

18   Defendant must file and serve his motion for summary judgment no later than **June 6, 2008**.

19   Plaintiff must file and serve his opposition to the motion no later than **July 7, 2008**.  Defendant

20   must file and serve his reply brief, if any, no later than **July 18, 2008**.  The court intends to

21   decide the motion on the papers without oral argument.  Plaintiff should bear in mind the notice

22   and warning regarding summary judgment motions provided at page 4 of the August 3, 2006

23   Order Of Service as he prepares his opposition.

24        2.    Defense counsel must mail to plaintiff a copy of the recent decision in Clement v.

25   City of Glendale, 518 F.3d 1090 (9th Cir. 2008), which discussed a good faith defense for a tow

26   truck operator sued under § 1983.

27

28

**United States District Court**
For the Northern District of California

3.    The pretrial conference date of July 7, 2008 and the trial date of July 8, 2008 were vacated due to the court's scheduling conflict with a criminal case.  A new trial date was set: the bench trial will be held on **August 11, 2008** commencing at **8:30 a.m.**

4.    A case management conference will be held at **2:00 p.m.** on Wednesday **July 23, 2008**.  The court will initiate the conference call to plaintiff at the prison and to defense counsel.

5.    The court is considering having plaintiff attend the trial by video-conference. This approach appears to be in the interests of justice for this case that will have a court trial rather than a jury trial.  Plaintiff is imprisoned at Ironwood State Prison in Blythe, California, serving a lengthy sentence.  His lengthy sentence makes it impractical to await his release to hold the trial.  Because the only defendant remaining is a private party (and not a prison employee), the usual option of having the California Attorney General's office take care of getting a plaintiff-prisoner to the courthouse is not readily available.  Further, the prison in which plaintiff is located is hundreds of miles away from this courthouse.  Video-conference facilities may be available at the El Centro branch courthouse for the U.S. District Court for the Southern District of California, and it would be much more economical to have the U.S. Marshal transport plaintiff from Blythe to El Centro than from Blythe to San Francisco.  The court will provide further information about the videoconferencing option at the conference on July 23, 2008.

6.    The court reminded plaintiff that the only claim remaining in this action is his due process claim against El Dorado Towing for selling his car without notice and a hearing.

7.    Neither party submitted a witness list by the deadline.  The court therefore had no occasion to consider whether to issue subpoenas or writs.  The parties must make their own arrangements for their witnesses to attend the trial.

8.    The parties did not mutually consent to have the case tried by Magistrate Judge Vadas.

IT IS SO ORDERED.

Dated: May 15, 2008

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

2